**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
<u>        Orlando        </u>DIVISION

Debtor(s) <u>Ricardo Silva Da Cunha and</u>          Case No: 6:17-bk-00640-ABB
<u>Patricia Da Silva Ferreira</u>

## [#___ AMENDED (if applicable)] CHAPTER 13 PLAN

**CHECK ONE:**

_____ <u>x</u> _____   Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____   The Plan contains provisions that are specific to this Plan in paragraph 9, <u>Nonconforming Provisions</u>. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1.    MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of ___36___ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

**(A)**   $ <u>$3,060</u>   for months ____1____ through ____36____
**(B)**   $_____   for months _____ through _____
**(C)**   $_____   for months _____ through _____

To pay the following creditors:

**2.    ADMINISTRATIVE ATTORNEY'S FEES.**

Base Fee $ <u>3500</u>    Total Paid Prepetition $ <u>1950</u>    Balance Due $<u>1550</u>

Estimated Additional Fees Subject to Court Approval   $ <u>1500</u>
Please see attached spreadsheet

Attorney's Fees Payable through Plan $_____ Monthly (subject to adjustment)

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**3.**    **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|
| N/A | | |

**4.**    **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**5.**    **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| | | | | | |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross disposable monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt. |
|---|---|---|---|
| 8159 | M&T Bank | 4700 Creekside Park Ave | $2,211.42 |
| | | | |

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Value | Pmt. | Interest @___% |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

**(D)    Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Pmt. | Interest @ 3.00 % |
|---|---|---|---|---|---|
| 6503 | Wells Fargo Dealer | 2008 Audi | 17,518.00 | $332.60 | |
| N/A | | | | | |

**(E) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits of Acct No. | Creditor | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|---|
| N/A | | | | |

**(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral |
|---|---|---|
| 6873 | Ally | 2008 Ford 450 |
| 0801 | Freedom Road Financial | 2008 Kawasaki |

**(G) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.**  A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

| Last 4 Digits of Acct No. | Creditor | Collateral Description/Address |
| --- | --- | --- |
| Unknown | CENTURION CAPITAL CORP | 4700 Creekside Park Ave |
| Unknown | MIDLAND CREDIT MANAGEMENT | 4700 Creekside Park Ave |
| Unknown | Target | 4700 Creekside Park Ave |
| Unknown | Millennia Park HOA | 4700 Creekside Park Ave. |

**(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral to be Surrendered |
| --- | --- | --- |
| N/A | | |
| | | |
| | | |
| | | |

6.     **LEASES/EXECUTORY CONTRACTS.**

| Last 4 Digits of Acct No. | Creditor | Property | Assume/Reject-Surrender | Est. Arrears |
| --- | --- | --- | --- | --- |
| 0801 | Alejandro Hoyos | 2008 Kawasaki | Assume | $0.00 |
| 6873 | Alejandro Hoyos | 2008 Ford DRW Super F450 Truck | Assume | $0.00 |
| | | | | |

7.     **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $ 4509.28 .

8.     **ADDITIONAL PROVISIONS:**

    (A)      Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

    (B)      Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

(C)   Property of the estate (check one)*

    (1)   _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

    (2)   __X__ shall vest in Debtor upon confirmation of the Plan.

    *If Debtor fails to check (a) or (b) above, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(D)   The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

(E)   The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions.  The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

(F)   Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

9.   **NONCONFORMING PROVISIONS:**

_____
_____
_____

/s/Ricardo Silva Da Cunha
_____
Debtor                                              Dated: 02/07/2017

/s/Patricia Da Silva Ferreira
_____
Debtor                                              Dated: 02/07/2017

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 7th day of February, 2017, a true and correct copy of the foregoing plan has been furnished to Laurie Weatherford, through Electronic Case Filing; and to creditors and all interested parties listed on the current mailing matrix.

Respectfully submitted,

*/s/ Elayne M. Perez, Esq.*
Attorney for Debtor(s)
Elayne Perez, Esquire
Elayne M. Perez, PA
746 N Magnolia Avenue
Orlando, Florida 32804
407-545-4400 (Office)
407-545-4401 (Fax)
service@perezlawassociates.com

| filing date | 1/31/2017 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1st pmt date | 3/2/2017 | | | 10.0% | M&T | ATTY | Millennia | | Ally | WFD | ATTY |
| | | Unsecured | Debtor Pmt | Tee Fee | Loan mod | | HOA | 2006 Dodge | 2008 Audi | Monitoring | |
| plan term | 36 | | 36 | | | | | | | | |
| 3/2/2017 | 1 | $9.98 | $3,060.00 | $306.00 | $2,211.42 | $200.00 | Motion to | Surrender | | $332.60 | $0.00 |
| 4/2/2017 | 2 | $9.98 | $3,060.00 | $306.00 | $2,211.42 | $200.00 | strip | | | $332.60 | $0.00 |
| 5/2/2017 | 3 | $9.98 | $3,060.00 | $306.00 | $2,211.42 | $200.00 | | | | $332.60 | $0.00 |
| 6/2/2017 | 4 | $9.98 | $3,060.00 | $306.00 | $2,211.42 | $200.00 | | | | $332.60 | $0.00 |
| 7/2/2017 | 5 | $9.98 | $3,060.00 | $306.00 | $2,211.42 | $200.00 | | | | $332.60 | $0.00 |
| 8/2/2017 | 6 | $9.98 | $3,060.00 | $306.00 | $2,211.42 | $200.00 | | | | $332.60 | $0.00 |
| 9/2/2017 | 7 | $9.98 | $3,060.00 | $306.00 | $2,211.42 | $150.00 | | | | $332.60 | $50.00 |
| 10/2/2017 | 8 | $59.98 | $3,060.00 | $306.00 | $2,211.42 | $100.00 | | | | $332.60 | $50.00 |
| 11/2/2017 | 9 | $59.98 | $3,060.00 | $306.00 | $2,211.42 | $100.00 | | | | $332.60 | $50.00 |
| 12/2/2017 | 10 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 1/2/2018 | 11 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 2/2/2018 | 12 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 3/2/2018 | 13 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 4/2/2018 | 14 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 5/2/2018 | 15 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 6/2/2018 | 16 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 7/2/2018 | 17 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 8/2/2018 | 18 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 9/2/2018 | 19 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 10/2/2018 | 20 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 11/2/2018 | 21 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 12/2/2018 | 22 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 1/2/2019 | 23 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 2/2/2019 | 24 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 3/2/2019 | 25 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 4/2/2019 | 26 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 5/2/2019 | 27 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 6/2/2019 | 28 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 7/2/2019 | 29 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 8/2/2019 | 30 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 9/2/2019 | 31 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 10/2/2019 | 32 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 11/2/2019 | 33 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 12/2/2019 | 34 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 1/2/2020 | 35 | $159.98 | $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| 2/2/2020 | 36 | $159.98 | 36 at $3,060.00 | $306.00 | $2,211.42 | | | | | $332.60 | $50.00 |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| | | $0.00 | $0.00 | | | | | | | | |
| receiving | | $4,509.28 | $110,160.00 | $11,016.00 | $79,611.12 | $1,550.00 | | | | $11,973.60 | $1,500.00 |
| total unsec. | | $64,639.00 | | | | | | | | | |
| | | 7% | | | | | | | | | |

Label Matrix for local noticing
113A-6
Case 6:17-bk-00640-ABB
Middle District of Florida
Orlando
Tue Feb  7 15:37:58 EST 2017

Ricardo Silva Da Cunha
4700 Creekside Park Ave
Orlando, FL 32811-6419

Patricia Da Silva Ferreira
4700 Creekside Park Ave
Orlando, FL 32811-6419

Perfumeland of Orlando, Inc.
PO Box 2809
Orlando, FL 32802-2809

Synchrony Bank c/o PRA Receivables Managemen
PO Box 41021
Norfolk, VA 23541-1021

Alejandro Hoyos
5225 Dove Tree Street
Orlando, FL 32811-7613

Ally Financial
200 Renaissance Ctr
Detroit, MI 48243-1300

Barclays Bank Delaware
Po Box 8803
Wilmington, DE 19899-8803

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Credit Protection Asso
13355 Noel Rd Ste 2100
Dallas, TX 75240-6837

Enerbank Usa
1245 E Brickyard Rd Ste
Salt Lake City, UT 84106-2559

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Freedom Road Financial
10509 Professional Cir S
Reno, NV 89521-5864

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

Ispc
1115 Gunn Hwy
Odessa, FL 33556-5328

Lvnv Funding Llc
Po Box 10497
Greenville, SC 29603-0497

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
1100 WEHRLE DRIVE
WILLIAMSVILLE NY 14221-7748

Medical Data Systems I
645 Walnut St Ste 5
Gadsden, AL 35901-4173

Midland Funding
2365 Northside Dr Ste 30
San Diego, CA 92108-2709

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Wfds
Po Box 1697
Winterville, NC 28590-1697

Laurie K Weatherford +
Post Office Box 3450
Winter Park, FL 32790-3450

Richard S Dellinger +
Lowndes Drosdick Doster Kantor & Reed PA
215 North Eola Drive
Orlando, FL 32801-2095

United States Trustee - ORL7/13 7+
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Elayne M. Perez +
Elayne M. Perez, PA
746 N. Magnolia Avenue
Orlando, FL 32803-3809

Michael S Provenzale +
Lowndes Drosdick Doster Kantor & Reed PA
Post Office Box 2809
Orlando, FL 32802-2809

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bk Of Amer | Capital One Bank Usa N | M & T Bank |
| Po Box 982238 | 15000 Capital One Dr | 1 Fountain Plz |
| El Paso, TX 79998 | Richmond, VA 23238 | Buffalo, NY 14203 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Arthur B. Briskman
Orlando

End of Label Matrix
Mailable recipients    28
Bypassed recipients     1
Total                  29